OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**

UNITED STATES COURT OF APPEALS
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995



May 24, 2023

Mr. Shacube Young, #HD-7959
Houtzdale SCI
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698

RE: Shacube Young v. City of Philadelphia
Case Number: 23-1893
District Court Case Number: 2-19-cv-05340

Dear Mr. Young:

This will advise you that the above-captioned appeal will be submitted to a panel of this Court for possible dismissal due to a jurisdictional defect. It appears that this Court may lack appellate jurisdiction for the following reason(s):

The notice of appeal in your civil case was not filed within the time prescribed by the Federal Rules of Appellate Procedure:

Order entered: August 4, 2020

Notice of Appeal filed: May 12, 2023

Period permitted: 30 days

Rule 4(a)(1)(A)

In the case of an untimely notice of appeal in civil cases, the District Court has discretion to permit an extension of time to file the notice of appeal: (1) where a motion requesting such relief is filed not later than 30 days after the normal appeal period; and (2) where good cause or excusable neglect is shown. See Federal Rules of Appellate Procedure 4(a)(1) and 4(a)(5), attached.

The District Court may reopen the time for appeal when a party entitled to notice of entry of a judgment or order did not receive such notice from the court or any party within 21 days of its entry: (1) upon motion filed within 180 days of entry of the judgment or order or within 14 days of receipt of such notice, whichever is earlier; and (2) upon finding that no party would be prejudiced. See Federal Rule of Appellate Procedure 4(a)(6), attached.

The United States Supreme Court, however, has held that a pro se prisoner's notice of appeal may be considered timely if it is delivered to the prison authorities, for forwarding to the clerk of the District Court, within the time prescribed by the appropriate Federal Rule of Appellate Procedure (Fed. R. App. P.) for filing a notice of appeal from the judgment or order. Houston v. Lack, 487 U.S. 266 (1988). If you allege in your response regarding timeliness that you delivered your notice of appeal to prison authorities within the time prescribed for appeal, making your notice of appeal timely filed under Houston, you must include a sworn declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of delivery and that that first-class postage was prepaid. Fed. R. App. P. 4(c)(1). You should also submit any available documentation of timely delivery. A showing of timely delivery can be made, for example, by providing this office with a certified copy of the prison mail log containing the date of delivery of your notice of appeal to the prison authorities, or a copy of a prison mail receipt reflecting timely delivery.

This Court has held that "in computing the timeliness of pro se prisoners' appeals, any prison delay in transmitting to the prisoner the notice of the District Court's final order or judgment shall be excluded from the computation of an appellant's time for taking an appeal." United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989). If you allege in your response regarding timeliness that such a delay occurred in your case, you should submit any supporting documentation that is available.

Jurisdictional defects cannot be remedied by the court of appeals. The parties may submit written argument in support of or in opposition to dismissal of the appeal for lack of appellate jurisdiction. Any response regarding jurisdiction must be in proper form (original with certificate of service), and must be filed within 21 days from the date of this letter. Upon expiration of the response period, the case will be submitted to the Court for consideration of the jurisdictional question.

The parties will be advised of any Order issued in this matter.

Very truly yours,


s/ Patricia S. Dodszuweit
Clerk

*Maria*

By:
Maria, Administrative Assistant

cc:     Philadelphia Law Department